IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LARRY E. MANCILL,                          §
TDCJ-CID NO. 1111306,                      §
                                           §
               Petitioner,                 §
                                           §
v.                                         §        CIVIL ACTION NO. H-06-2878
                                           §
NATHANIEL QUARTERMAN,                      §
                                           §
               Respondent.                 §

## MEMORANDUM OPINION AND ORDER

Larry E. Mancill, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254 (Docket Entry No. 1) challenging the outcome of a TDCJ-CID disciplinary hearing.   Pending before the court is Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 8), to which petitioner has filed a Counter-Motion for Summary Judgment (Docket Entry No. 10).

## I.   Procedural History and Claims

Mancill is incarcerated pursuant to convictions for violating a protective order and for robbery. State v. Mancill, No. 9020557 (299th Dist. Ct., Travis County, Tex., June 14, 2002) (protective

order violation); <u>State v. Mancill</u>, No. 1050825 (180th Dist. Ct.,
Harris County, Tex., Feb. 20, 2006) (robbery).[1]

Mancill does not challenge the validity of either felony
conviction in this petition.  Instead, he challenges the outcome of
a TDCJ-CID disciplinary proceeding in which the hearing officer
found him guilty of extortion of money in violation of the TDCJ-CID
disciplinary rules.  After making a finding of guilt, the discipli-
nary hearing officer imposed the following punishments:

1.   A loss of forty-five days of commissary privileges;

2.   Cell restraint for forty-five days;

3.   A reduction from State Approved Trustee 3 to Line
     Class 2;

4.   Fifteen days of solitary confinement; and

5.   A loss of 120 days of good time.

Mancill contends that he was denied due process in the
disciplinary case.  Mancill sets forth the following claims in
support of his contention:

1.   He was denied effective assistance of counsel;

2.   he was not given proper notice of the hearing;

3.   the hearing officer was biased against him and did
     not allow him to present his testimony; and

4.   there was no evidence to support the hearing
     officer's finding.

Docket Entry No. 1 at 7; Docket Entry No. 2 at 2-3.

---

[1]Mancill did not cite his robbery conviction in his habeas
petition.  See Docket Entry No. 1 at 1.

## II.  <u>Analysis</u>

As will be explained below, Mancill's date of release was not affected by the disciplinary proceeding.  Consequently, the challenges to the punishments have no basis in law because such punishments are not actionable in federal court.  <u>See</u> <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2297 (1995); <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir. 1995).  A prisoner does not have many of the rights and privileges that a free citizen enjoys.  <u>Madison v. Parker</u>, 104 F.3d 765, 767 (5th Cir. 1997).  In some instances the state may create liberty interests, which are protected by the Due Process Clause.  <u>Id.</u>  However, a prison inmate may only seek relief from disciplinary actions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin</u>, at 2300.

Mancill's forty-five days of lost commissary privileges and his forty-five days of cell restrictions did not implicate any due process concerns.  <u>Malchi v. Thaler</u>, 211 F.3d 953, 958 (5th Cir. 2000); <u>Madison</u>, 104 F.3d at 768 ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns.  They are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest.").  His fifteen-day stay in solitary confinement is not actionable because it is a temporary condition that is not subject to habeas review.  <u>Id.</u>  <u>See also</u> <u>Orellana v. Kyle</u>, 65 F.3d

29, 31-32 (5th Cir. 1995) ("[I]t is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status.").

Mancill's reduction in good-time earning status does not implicate any violation because prisoners do not have an unqualified constitutional right to earn good time in the Texas prison system. TEX. GOVT. CODE § 498.003 (Vernon Supp. 2007) ("Good conduct time is a privilege and not a right."). A demotion in status in some instances may prevent a prisoner from earning good-time credits, but it does not establish a claim because a prisoner does not have a constitutionally cognizable "right" to a particular time-earning status. Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). Moreover, any possible adverse effects the disciplinary action may have had on Mancill's chances for parole are not actionable because Texas prisoners do not have any liberty interest in parole. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995).

If Mancill were challenging a forfeiture of good time that actually delayed his release, such a claim might be actionable. See Malchi, 211 F.3d at 958. Mancill's TDCJ-CID Time Sheet (Docket Entry No. 8-2, Exhibit A) lists the two offenses and their sentences. The first offense, Violation of a Protective Order, is an offense for which a prisoner may be released under mandatory

supervision and carries a ten-year term.  See Exhibit A at 3-4, "Commitment Inquiry Information."  The second offense is robbery, which carries a five-year term, but does not entitle a prisoner to release under mandatory supervision.  See Exhibit A (no Minimum Discharge Date ["MIN EXP:"] listed).  See also TEX. PENAL CODE § 29.02 (robbery); TEX. GOVT. CODE ANN. § 508.149(a)(11) ("An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of: . . . a second degree felony under Section 29.02, Penal Code;").  The Minimum Expiration Date for the Violation of a Protective Order conviction is August 1, 2007.  The discharge or release date for the robbery conviction is September 19, 2007.  Although the release date for violation of a protective order may be affected by good-time credits, the release date for the robbery sentence is not affected.  The loss of good time imposed as punishment in the disciplinary case has not delayed Mancill's release date beyond September 19, 2007, which is the earliest date that he could discharge his robbery sentence and be released.  Therefore, the petition must be dismissed because the prison disciplinary action does not affect the fact or duration of Mancill's sentence.  See Madison, 104 F.3d at 768; Malchi, 211 F.3d at 957-58.

### III.  Mancill's Motions

Mancill has filed a Counter-Motion for Summary Judgment (Docket Entry No. 10) in which he asserts that the disciplinary

action has affected his release date. Attached to the motion are time records that indicate a release date of September 19, 2007. (Docket Entry No. 10, Exhibit A) The motion will be denied because it points to no record or other evidence that refutes the evidence indicated by the respondent's motion for summary judgment.

Mancill has also filed a Motion for Leave to File and Amend Complaint (Docket Entry No. 12). The motion will be denied because he fails to present any issue that would alter the outcome of this proceeding. See Emory v. Texas Board of Medical Examiners, 748 F.2d 1023, 1027 (5th Cir. 1984) (futile amendments may be disallowed).

Mancill's recent Application to Proceed In Forma Pauperis (Docket Entry No. 11) will be denied as moot because the filing fee has been paid.

## IV. Certificate of Appealability

Although Mancill has not yet requested a Certificate of Appealability (COA) on the claims denied in this Memorandum Opinion and Order, the issue of a COA may arise. This court may deny a COA sua sponte. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). To obtain a COA Mancill must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing Mancill must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the

issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further.  Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Memorandum Opinion and Order, Mancill has not made a substantial showing of the denial of a constitutional right.  Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996).  The court **DENIES** the issuance of a COA in this action.

## V.   Conclusion and Order

The court **ORDERS** the following:

1.    Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**.

2.    Petitioner's Counter-Motion for Summary Judgment (Docket Entry No. 10), Application to Proceed In Forma Pauperis (Docket Entry No. 11), and Motion for Leave to File and Amend Complaint (Docket Entry No. 12) are **DENIED**.

3.    This action will be dismissed with prejudice.

4.    The court **DENIES** a Certificate of Appealability on all claims.

**SIGNED** at Houston, Texas, on this the 6th day of June, 2007.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE